Judge: Robert M. Dow, Jr
Magistrate Judge: M. David Weisman
Filed: 8/5/2020
Case #'s (See Schedule Below) bg

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**



FILED
8/5/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN RE: FAIRLIFE MILK PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION**                                    MDL No. 2909

## TRANSFER ORDER

**Before the Panel:** Plaintiff in the *Honeycutt* action listed on Schedule A moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Honeycutt* to the Northern District of Illinois for inclusion in MDL No. 2909. Defendant Fair Oaks Farms Food, LLC (Fair Oaks), opposes the motion, as does the plaintiff in the *Salzhauer* action in the MDL, who is represented by interim co-lead class counsel for the consolidated litigation.

In support of her motion, plaintiff argues that her claims are not related to those being litigated in the MDL. Plaintiff is correct that her allegations differ from those asserted by plaintiffs in the MDL—she seeks to represent a putative class of purchasers of Fair Oaks' milk products, as opposed to purchasers of fairlife, LLC's milk products.[1] These differences, though, are outweighed by the similarities between *Honeycutt* and the actions in the MDL. Both involve consumer claims relating to representations by defendants about the quality of care given to their dairy cows, and both allege that consumers paid a premium for defendants' milk products as a result.

Critically, both fairlife and Fair Oaks obtained their milk from the *same* farm in northern Indiana, and the allegations of animal abuse in the complaints are identical. The representations at the heart of these actions thus pertain to the same product (albeit sold under different brands) and allegedly were called into question by the same conduct at the same farm. Accordingly, the actions likely will involve significant overlapping discovery. This conclusion is reinforced by the overlapping ownership of the various corporate defendants—both fairlife and Fair Oaks were owned, in whole or in part, by Select Milk Producers, Inc., when the alleged animal abuse occurred. *Honeycutt* will be most efficiently litigated as part of MDL No. 2909. *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1376 (J.P.M.L. 2016) ("Although the advocates of separate MDLs have identified certain product-specific issues, Section 1407 does not require a complete identity of factual issues or parties as a prerequisite to transfer, and the presence of additional facts is not significant when the actions arise from a common factual core. We are confident that the transferee judge can accommodate any issues involving the different products and defendants, including confidentiality and defendant-specific resolutions, in a manner that guarantees the just and efficient resolution of all cases.").

---

[1] Defendant fairlife, LLC, does not capitalize its corporate name.

-2-

Therefore, after considering the parties' arguments, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2909, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of Illinois was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations of animal cruelty at a farm in northern Indiana that provides milk used in fairlife's milk products. Plaintiffs allege that they purchased milk products based on defendants' marketing and labeling, which emphasized the humane treatment given to their dairy cows. Like those actions, plaintiff in *Honeycutt* alleges that she purchased milk products based upon marketing and labeling that emphasized the humane treatment of the dairy cows at the same farm in northern Indiana, albeit marketing and labeling by Fair Oaks rather than fairlife.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Robert M. Dow, Jr., for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry           Nathaniel M. Gorton
Matthew F. Kennelly          David C. Norton

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ BROOK GUDAUSKY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
August 7, 2020

**IN RE: FAIRLIFE MILK PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION**               MDL No. 2909

## SCHEDULE A

<u>Northern District of Indiana</u>

**ILND 1:20-cv-04647**  HONEYCUTT v. FAIR OAKS FARMS FOOD, LLC, C.A. No. 2:20−00099